UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAJOHN HASINI JARRED SWABY, A201939257,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>MINGA WOFFORD, Golden State Annex Facility Administrator,<br><br>　　　　　Respondent. | Case No. 23-cv-03443-SK  (PR)<br><br>**ORDER GRANTING MOTION TO TRANSFER PETITION**<br><br>(ECF No. 12) |

**I.**

Petitioner Tajohn Hasini Jarred Swaby, a citizen of Jamaica, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his prolonged detention by the United States Immigration and Customs Enforcement (ICE) at the Golden State Annex (GSA) in McFarland, California. He also sought appointment of counsel and leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

On August 4, 2023, the Court issued an order dismissing all respondents but Minga Wofford, the facility administrator of GSA, and ordering respondent to show cause why a writ of habeas corpus should not be granted. The Court also granted Petitioner's request to proceed IFP and denied his request for appointment of counsel without prejudice.

Respondent has filed a motion to dismiss the petition for lack of jurisdiction or, in the alternative to transfer it to the Eastern District of California, on the ground that jurisdiction lies in only one district: the district in which Petitioner is confined, the Eastern District of California, not this district. The Court agrees that jurisdiction/venue properly lies in the Eastern District of California and will transfer the petition to that district.

**II.**

The federal habeas statute expressly limits the power of district courts to grant habeas writs to "within their respective jurisdictions." 28 U.S.C. § 2241(a). "The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004). This district-of-confinement rule is a "bright-line rule" that does not contain any exceptions other than the express statutory carveouts in 28 U.S.C §§ 2241(d) and 2255. Id. at 443, 449-50. Neither § 2241(d) nor § 2255 apply here, and the Ninth Circuit has made clear that the bright-line district-of-confinement rule applies to habeas challenges to immigration detention such as this case. See Lopez- Marroquin v. Barr, 955 F.3d 759, 760 (9th Cir. 2020) (holding in context of challenge to immigration detention that "[t]he plain language of the habeas statute confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement").

Petitioner is detained at GSA in McFarland, California in the County of Kern, which lies within the venue of the Eastern District of California. See 28 U.S.C. § 84(b). Under the rationale of Lopez-Marroquin, jurisdiction/venue for this habeas challenge to Petitioner's immigration detention lies only in the Eastern District of California. See 955 F.3d at 760.

**III.**

For the foregoing reasons, respondent's motion to dismiss, or in the alternative to transfer, is GRANTED and, pursuant to 28 U.S.C. § 1404(a) and in the interest of justice, this petition is TRANSFERRED to the United States District Court for the Eastern District of California.

The clerk shall transfer this matter forthwith and terminate as moot the motion appearing on ECF as item number 12.

**IT IS SO ORDERED**.

Dated: September 25, 2023

_Sallie Kim_
_____
SALLIE KIM
United States Magistrate Judge